OPINION
Appellant Christopher Viera appeals the imposition of consecutive sentences by the Delaware County Court of Common Pleas. The following facts give rise to this appeal. The Delaware County Court of Common Pleas indicted appellant, on May 21, 1999, for two counts burglary, four counts theft and two counts receiving stolen property. The events resulting in these charges occurred on March 19, 1999, and involved multiple victims. At a pretrial conducted on June 10, 1999, the trial court set this matter for trial on July 19, 1999. On June 18, 1999, the state sought a continuance of the trial date. The trial court granted the state's request and rescheduled the trial for August 2, 1999. On July 19, 1999, appellant appeared before the trial court and changed his not guilty pleas to guilty as to one count burglary, one count theft, and two counts receiving stolen property. The trial court accepted appellant's guilty pleas as to these charges and referred this matter to the Ohio Adult Parole Authority for the purpose of preparing a pre-sentence investigation report. On September 8, 1999, appellant appeared, before the trial court, for sentencing. The trial court sentenced appellant to six years for the burglary count, twelve months for the theft count, and a total of eighteen months for the two counts of receiving stolen property. The trial court ordered that the sentences be served consecutively. Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration.
I. THE TRIAL COURT ERRED BY IMPOSING UPON THE APPELLANT CONSECUTIVE SENTENCES WHICH ARE CONTRARY TO LAW.
 I
In support of his sole assignment of error, appellant contends the trial court erred when it imposed consecutive sentences, the aggregate of which exceeds the maximum sentence permitted, under the law, for the most serious offense. We will not address appellant's assignment of error as we find appellant failed to comply with the mandates of R.C. 2953.08(C) and App.R. 5(C)(1). Therefore, we lack jurisdiction to hear this matter. R.C. 2953.08 addresses the grounds for the appeal of a felony sentence by a defendant and prosecutor. R.C. 2953.08(C) states as follows: (C) In addition to the right to appeal a sentence granted under division (A) or (B) of this section, a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences under division (E)(3) or (4) of section 2929.14 of the Revised Code and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court of appeals may grant leave to appeal the sentence if the court determines that the allegation included as the basis of the motion is true.
In addition to the above cited language, App.R. 5(C) also addresses the appeal of consecutive sentences and provides: (C)(1) Motion by defendant for leave to appeal consecutive sentences pursuant to R.C. 2953.08(C) When leave is sought from the court of appeals for leave to appeal consecutive sentences pursuant to R.C. 2953.08(C), a motion for leave to appeal shall be filed with the court of appeals within thirty days from the entry of the judgment and order sought to be appealed and shall set forth the reason why the consecutive sentences exceed the maximum prison term allowed. The motion shall be accompanied by a copy of the judgment and order stating the sentences imposed and stating the offense of which movant was found guilty or to which movant pled guilty.
* * *
A review of the record in this matter indicates appellant did not file a motion for leave to appeal as required by R.C.2953.08(C) and App.R. 5(C)(1). Instead, appellant filed his appeal as if it was an appeal as of right. However, an appeal of the imposition of consecutive sentences is not an appeal as of right. Rather, it is a discretionary appeal which first requires a motion, by the defendant, for leave to appeal. Accordingly, having failed to follow the procedures contained in R.C. 2953.08(C) and App.R. 5(C)(1), we conclude that we do not have jurisdiction over this matter. Appellant's sole assignment of error is overruled and the appeal is dismissed.
For the foregoing reasons, the judgment of the Delaware County Court of Common Pleas is affirmed and the appeal is dismissed for lack of jurisdiction.
 _________________________ By: Wise, J.
Hoffman, P.J., and Reader, V. J., concur.